Eastern District of Kentucky
F I L E D
FEB 20 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 18-297

DONNIE OWENS,                                           PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and SSI on October 1, 2014, alleging disability beginning on the same date, due to ankle issues, chronic obstructive pulmonary disease, sleep apnea and bone spurs (Tr. 299).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Joyce Francis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 46 years old at the time he alleges he became disabled. He has a 9th grade education and his past relevant work experience consists of work as a truck driver (Tr. 300, 319).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical spine, bilateral shoulder AC arthritis, recurrent arrhythmias, status post left ankle injury and fusion surgery in the neutral position, chronic obstructive pulmonary disease, pneumoconiosis and obesity, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light exertion work with additional specific postural, manipulative, and environmental limitations.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must consider whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

3

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff broadly asserts that the ALJ lacked substantial evidence upon which to base a finding of "no disability." He lists his medical impairments then concludes he is disabled. These unsupported assertions are not enough to disturb the ALJ's decision.

The only contention Plaintiff makes with specificity is that the ALJ did not properly consider his subjective complaints of disabling symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms to be inconsistent with the medical evidence. (Tr. 56). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

The Court notes that the ALJ's RFC finding accounted for Plaintiff's impairments that are supported by the objective medical record. In relation to Plaintiff's COPD, the ALJ noted that she had limited Plaintiff's work in environments involving exposure to moving machinery and other workplace hazards. The ALJ also determined that her reasonable RFC finding of light

4

exertion accommodated Plaintiff's recent treatment for cardiac issues (Tr. 57), and in her thorough evaluation of the objective medical evidence, the ALJ observed that Plaintiff's combination of cervical issues, shoulder arthritis, and carpal tunnel syndrome were accommodated by her RFC finding limiting Plaintiff to light lifting with no more than frequent overhead reaching (Tr. 57). The ALJ also noted that the medical records indicate that Plaintiff is relatively active. The records document swimming (Tr. 58; Tr. 1199) and a trip to "Dollywood" during which Plaintiff was on his feet all day and riding rides (Tr. 1212). Moreover, relevant medical records also noted increased hand numbness with when doing carpentry and mechanic work (Tr. 917). As such, the ALJ justifiably found that Plaintiff's fairly active lifestyle is inconsistent with disability.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 20th day of February, 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**